Case 4:19-cv-00722 Document 25 Filed on 09/27/19 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YAZID MALIK BEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0722 |
| | § | |
| GEORGE W. BAMBERG, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss (Docs. 3 & 13) and Plaintiff's Emergency Motion (Doc. 24). The court has considered the motions, the response, if any, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

On February 28, 2019, the present lawsuit was removed to this court.[2] On March 1, 2019, Defendant filed a motion to dismiss for failure to state a claim.[3] On April 3, 2019, the court found that "Plaintiff's purported complaint primarily consists of incoherent discussions of 'Moorish Americans' and is filled with a barrage of legal citations" and that Plaintiff had failed to comply with

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Mar. 7, 2017.

[2] See Doc. 1, Def.'s Not. of Removal.

[3] See Doc. 3, Def.'s Mot. to Dismiss.

Federal Rule of Civil Procedure ("Rule") 8.[4] Accordingly, the court ordered Plaintiff to file an amended complaint that complied with federal pleading standards.[5]

On April 12, 2019, Plaintiff filed his "Affidavit of Fact Amended Complaint," which contains the same incoherent discussions of "Moorish Americans" and irrelevant legal citations as Plaintiff's amended complaint.[6] Each page contains the heading "Moorish National Republic Federal Government" and has what appears to be Plaintiff's thumb print on it. An example of the incoherent language contained within the amended complaint can be found at the top of the first page where Plaintiff states:

> "I have no money and not been paid money no one has money, and that leads to fraud platform. Under this system not allowed to have money The Trust that's operating equals to Discharge or Set off which is unlawful to engage in anything other than. see Executive order given April 5, 1933 May1,1933. On November 11 2018 George W Bamberg, Jr Dora Nova Ira Quest Ira Morris, Lendais Hollrah and Snowden was give Legal Notice of my Status correction also Affidavit of Fact Writ in Nature of Discovery and Affidavit of Fact and Discovery: Writ of right."[7]

The remainder of Plaintiff's amended complaint contains similar, incomprehensible language. On May 2, 2019, Defendant filed his pending supplemental motion to dismiss for failure to state a

---

[4] See Doc. 11, Ord. Dated Apr. 11, 2019.

[5] See id. p. 3.

[6] See Doc. 12, Pl.'s Am. Compl.

[7] See id. p. 1. The court quoted Plaintiff's amended complaint without attempting to correct or identify any errors.

claim, making the same arguments as in the first motion to dismiss.[8]

On September 19, 2019, the court held a status conference.[9] At the status conference the court asked Plaintiff to explain his lawsuit. Plaintiff's attempt to explain his lawsuit was as legally incomprehensible as his pleadings.

On September 27, 2019, Plaintiff filed his pending emergency motion.[10] Plaintiff's emergency motion contains the same references to "Moorish Americans," numerous legal citations, and confusing language similar to other pleadings filed in this lawsuit. Attached to the motion is a final notice to vacate a premises that the court assumes belongs to Plaintiff.[11] The notice states that a writ of possession will be executed on the premises on September 28, 2019.[12] It appears that Plaintiff filed his emergency motion in an attempt to block the execution of the writ of possession.

Because Plaintiff is pro se, his allegations are entitled to a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (noting that

---

[8]  See Doc. 13, Def.'s Supp. Mot. to Dismiss.

[9]  See Doc. 23, Ord. Dated Sept. 19, 2019.

[10] See Doc. 24, Pl.'s Emergency Motion.

[11] See id. p. 2 of 15.

[12] See id.

allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, a plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To state a claim for which relief may be granted under the federal pleading rules "[a] complaint must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Whitaker v. Collier, 862 F.3d 490, 497 (5th Cir. 2017) (internal quotation marks and citations omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2007) (quoting Twombly, 127 S. Ct. at 1965).

Rule 8 requires that a complaint have a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). From Plaintiff's amended complaint, subsequent pleadings, and emergency motion the court is unable to discern Plaintiff's factual allegations or legal

arguments, and cannot draw any inference that Plaintiff is entitled to any relief from Defendant. Plaintiff's pleadings fail to comply with the applicable pleading rules.

The court has given Plaintiff multiple chances to explain the legal and factual basis of his lawsuit and Plaintiff has been unable to do so. Accordingly, Defendant's motion to dismiss should be **GRANTED**.

To the extent that, through his emergency motion, Plaintiff seeks a preliminary injunction to enjoin the execution of the writ of possession on his property, Plaintiff must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011)(quoting Byrum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009)). A preliminary injunction is "an extraordinary remedy, not available unless the plaintiff carries his burden of persuasion as to all of the four prerequisites." Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974). The court finds that Plaintiff does not have a substantial likelihood of success on the merits of his lawsuit. Accordingly, Plaintiff's emergency motion should be **DENIED**.

Based on the foregoing, the court **RECOMMENDS** that Defendant's

Motion to Dismiss be **GRANTED** and that Plaintiff's Emergency Motion be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of September, 2019.

Nancy K. Johnson
United States Magistrate Judge